IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JASON MYERS,                              )
                                          )
                Plaintiff,                )
                                          )
        v.                                )        1:09CV508
                                          )
ROUSH FENWAY RACING, LLC,                 )
                                          )
                                          )
                Defendant.                )

ORDER

This matter is before the Court on a Memorandum Opinion and Recommendation of the United States Magistrate Judge (the "Recommendation") [Doc. #22], which was filed and served on the parties pursuant to 28 U.S.C. § 636(b). In the Recommendation, the Magistrate Judge recommended that the Court grant Defendant's Motion to Dismiss [Doc. #15] with regard to Plaintiff's claim for unpaid wages under the North Carolina Wage and Hour Act and wrongful discharge in violation of North Carolina public policy. Following the filing of the Recommendation, Plaintiff also filed a Motion for Leave to File Second Amended Complaint [Doc. #24], which seeks to add to the Complaint a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

The facts surrounding this case are laid out extensively in the Recommendation. Therefore, the Court will briefly summarize the significant details of this case as they relate to the present Order. Plaintiff Jason Myers ("Plaintiff") was previously employed by Defendant Roush Fenway Racing, LLC ("Defendant"), serving as a mechanic and car chief for various automobiles in Defendant's racing fleet. On January 11, 2008, Plaintiff entered into an employment agreement with Defendant, which states that Plaintiff's term of employment with

Defendant shall run through December 31, 2010, unless he is terminated for cause prior to that point.  In January 2009, Plaintiff was reassigned to a subordinate, lower-paying position with Defendant and was later terminated entirely from employment with Defendant in February 2009.  Several months later, in June 2009, Plaintiff brought suit against Defendant in North Carolina state court, alleging several claims related to his termination.  On July 13, 2009, Defendant properly removed the action from the North Carolina court to this Court.  Following removal, Plaintiff filed his First Amended Complaint [Doc. #10] on September 2, 2009, which asserts claims against Defendant for (1) breach of the parties' employment agreement, (2) violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., (3) unpaid wages under the North Carolina Wage and Hour Act ("Wage and Hour Act"), N.C. Gen. Stat § 95-25.1 et seq., and in the alternative that the employment agreement is void and unenforceable, (4) wrongful discharge in violation of North Carolina public policy.  Defendant filed the present Motion to Dismiss Plaintiff's First Amended Complaint on October 12, 2009.  Defendant's Motion seeks the dismissal of Plaintiff's wrongful discharge and Wage and Hour Act claim, arguing that Plaintiff may not may state a wrongful discharge claim because he did not serve Defendant as an at-will employee, and that with regard to the Wage and Hour Act claim, Plaintiff does not allege any unpaid earnings.

In the Recommendation, the Magistrate Judge recommended that Defendant's Motion to Dismiss be granted and that Plaintiff's wrongful discharge and Wage and Hour Act claims be dismissed.  Plaintiff filed timely Objections to the Recommendation, arguing that his Wage and Hour Act claim relates to the portion of wages he did not receive due to his reassignment, and that his wrongful discharge claim was pled in the alternative, in the event that the parties'

2

employment agreement is held void and unenforceable. Plaintiff has also filed a Motion for Leave to File a Second Amended Complaint, which seeks to assert an ADA claim against Defendant. Defendant filed a Response to this motion, which does not object to the addition of Plaintiff's ADA claim, but argues that Plaintiff should not be permitted to refile any claims that are dismissed by the Court.

The Court has now considered Plaintiff's Objections to the Recommendation and has reviewed de novo the portions of the Recommendation to which objection was made. Based on that review, the Court has made a determination adopting the United States Magistrate Judge's Recommendation in part, but reaching a different conclusion in part. Specifically, the Court adopts the conclusion, as set out in the Recommendation, that Plaintiff's Wage and Hour Act claim should be dismissed in its entirety for the reasons laid out by the Magistrate Judge. However, at this stage in the proceedings, the Court declines to adopt the portion of the Recommendation that dismisses Plaintiff's alternative claim for wrongful discharge in violation of North Carolina public policy.

The purpose of a Rule 12(b)(6) motion to dismiss is "to test the legal sufficiency of the complaint, not to decide the merits of the action." Gladden v. Winston Salem State Univ., 495 F. Supp. 2d 517, 520 (M.D.N.C. 2007) (citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991)). Under the laws of the state of North Carolina, if no valid employment contract governs an employment relationship, the parties are governed by the "employment-at-will" doctrine. See Kurtzman v. Applied Analytical Indus., 347 N.C. 329, 331 (1997). The employment-at-will doctrine provides that "in the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be

3

terminable at the will of either party without regard to the quality of performance of either party." Id. In the present case, the Magistrate Judge correctly noted in the Recommendation that if Plaintiff's employment was governed by his employment agreement with Defendant, then his claim for wrongful discharge in violation of North Carolina public policy must be dismissed because he was not an at-will employee. See Googerdy v. N.C. Agric. & Tech. State Univ., 386 F. Supp. 2d 618, 626 (M.D.N.C. 2005) ("Wrongful discharge in violation of public policy in North Carolina applies only to at-will employees." (citing Wagoner v. Elkin City Sch. Bd. of Educ., 113 N.C. App. 579, 588, 440 S.E.2d 119, 125, *disc. rev. denied*, 336 N.C. 615, 447 S.E.2d 414 (1994))). The parties do not dispute this point, and the Court likewise accepts the Magistrate's conclusion in this regard. In Count Three of Plaintiff's First Amended Complaint, Plaintiff claims that he was employed with Defendant pursuant to an employment agreement, and under this theory, Plaintiff concedes that he may not state a proper claim for wrongful discharge. However, in Count Two, Plaintiff also argues in the alternative to Count Three that the parties' employment agreement is invalid and unenforceable due to indefiniteness, and that therefore, Plaintiff served Defendant as an at-will, rather than a contract employee. See, e.g., Humphrey v. Hill, 55 N.C. App. 359, 285 S.E. 2d 293 (1982); see also Tatum v. Brown, 29 N.C. App. 504, 505, 224 S.E. 2d 698, 698 (1976) (holding that where the terms of an employment contract are indefinite, the employment relationship "is terminable at the will or either party, with or without cause"). Under this alternative theory, Plaintiff maintains that as an at-will employee, he was wrongfully discharged from his employment with Defendant in violation of North Carolina public policy.

4

At this early stage in the proceedings, the Court notes that under the liberal pleading rules of the Federal Rules of Civil Procedure, a plaintiff may properly plead alternative causes of action in the complaint. See Fed. R. Civ. P. 8(e)(2)("A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses."); see also Martin v. Boyce, 217 F.R.D. 368, 371 (M.D.N.C. 2003) (allowing plaintiff to allege inconsistent grounds in complaint for termination from employment with defendant because "pleading in the alternative is permissible" at the motion to dismiss stage). Accordingly, at this juncture in the present case, the Court finds that Plaintiff is not precluded from alternatively pleading a cause of action for wrongful discharge, in the event that Plaintiff served Defendant as an at-will employee, rather than pursuant to an employment agreement. Cf. Googerdy, 386 F. Supp. 2d at 626 (granting defendant's motion to dismiss plaintiff's wrongful discharge claim because although the parties disagreed about which terms governed the plaintiff's employment contract, neither disputed that one existed and "neither [party's] version leads to a finding of at-will employment"). Therefore, the Court will decline to adopt the portion of the Recommendation that recommends the dismissal of Plaintiff's alternative claim for wrongful discharge in violation of North Carolina public policy, and the Court will permit this claim to proceed.

Plaintiff has also moved to file a Second Amended Complaint in this matter, which seeks to assert a claim against Defendant under the ADA. Plaintiff seeks leave to file his Second Amended Complaint on the grounds that he had not received a "Right to Sue" letter with regard to his ADA claim prior to filing the original Complaint in this matter, as required by 42 U.S.C. § 2000e-5. Plaintiff subsequently received a "Right to Sue" letter and timely filed the instant Motion

for Leave to File Second Amended Complaint, which now includes a claim against Defendant under the ADA.  Defendant does not oppose Plaintiff's addition of the ADA claim, although it argues that Plaintiff should not be permitted to reassert any claims in an amended complaint that have been dismissed by the Court.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may file a second or subsequent amended pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Here, Defendant consents to Plaintiff's addition of the ADA claim, and the Court also finds that justice requires that Plaintiff be given leave to add this claim, since Plaintiff was unable to assert the ADA claim prior to his receipt of the Right to Sue Letter.  Therefore, the Court will grant Plaintiff's Motion for Leave to File Second Amended Complaint for the purposes of the addition of Plaintiff's ADA claim.  To the extent however, that Plaintiff's refiled Second Amended Complaint still includes a claim under the Wage and Hour Act, this claim remains dismissed in accordance with the Court's present Order, and Defendant is not required to respond to this claim.  Although the Second Amended Complaint is deemed filed on December 31, 2009, the date that Plaintiff's Motion for Leave was filed, for administrative purposes, Plaintiff must file his Second Amended Complaint as a separate document within 14 days of the entry of this Order.  Defendant will then have 21 days from the date Plaintiff files the Second Amended Complaint as a separate document to file an Answer or responsive pleading.

IT IS THEREFORE ORDERED that the Court affirms and adopts the Recommendation of the Magistrate Judge with respect to Plaintiff's Wage and Hour Act claim, and Defendant's Motion to Dismiss [Doc. #15] is GRANTED with respect to Plaintiff's Wage and Hour Act claim. IT IS FURTHER ORDERED that the Court declines to adopt the portion of the Recommendation with respect to Plaintiff's alternative wrongful discharge claim, and for the reasons set out herein,

Defendant's Motion to Dismiss is DENIED with respect to the alternative wrongful discharge claim. Finally, IT IS ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. #24] is GRANTED.

This, the 12th day of July, 2010.

/s/ James A. Beaty
United States District Judge